**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4386**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ALTISE SHAHEED BRIDGES,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00359-CCE-1)

Submitted:  December 23, 2014          Decided:  March 5, 2015

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bettina Kay Roberts, Durham, North Carolina, for Appellant.
Terry Michael Meinecke, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In December 2013, Altise Shaheed Bridges pled guilty to railroad train robbery, in violation of 18 U.S.C. §§ 1991, 2 (2012). The district court sentenced Bridges to ninety-two months' imprisonment, which was in the middle of his Guidelines range.[*] On appeal, Bridges' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the substantive reasonableness of Bridges' sentence. Although advised of his right to do so, Bridges has not filed a pro se supplemental brief. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review Bridges' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and, if the sentence is within the properly calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza–Mendoza, 597 F.3d 212, 216–17 (4th Cir. 2010). Such a

---

[*] Hearing no objection from either party, the district court adopted the presentence report prepared on Bridges, which calculated Bridges' Guidelines range at 84-105 months' imprisonment.

presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

On appeal, Bridges argues that the totality of the circumstances present in his case establish that the selected sentence is greater than necessary to achieve the statutory purposes of sentencing. But appellate counsel does not identify those particular circumstances, or the corresponding § 3553(a) factors, that would have warranted a lower sentence, and our review of the record does not reveal a basis for such a contention.

Specifically, defense counsel argued for a sentence at the low end of Bridges' Guidelines range relying, primarily, on two factors: (1) Bridges' difficult childhood, which was replete with domestic violence, child abuse, and drug abuse; and (2) Bridges' relatively young age and hopes of being a productive member of society after receiving drug treatment, counseling, and a GED while in federal custody. The district court fully acknowledged Bridges' troubled childhood, but concluded that this did not justify a lower sentence, particularly in light of Bridges' extensive criminal history. We discern no abuse of discretion in the district court's

3

decision not to impose a sentence at the low end of the Guidelines range and conclude that Bridges has failed to overcome the appellate presumption of substantive reasonableness afforded his within-Guidelines sentence. See United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record and find no meritorious issues for appeal. There was no procedural error in Bridges' sentencing, and his guilty plea was knowing, voluntary, and supported by an independent basis in fact. Accordingly, we affirm the district court's judgment.

This court requires counsel to inform Bridges, in writing, of his right to petition the Supreme Court of the United States for further review. If Bridges requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bridges. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

4